First case in our call this morning is agenda number 10, case number 109164, People of the State of Illinois versus Charles Clendenin. You may proceed, counsel. Good morning, your honors. Good morning, counsel. May it please the court, I am Assistant Attorney General Stephen Soltanzadeh on behalf of the people. The appellate court in this case reversed defendant's conviction for possession of child pornography on the ground that he received ineffective assistance of counsel. Specifically, the court held that counsel's performance was deficient because he invalidly waived defendant's confrontation right by entering into an evidentiary stipulation without ensuring a defendant knew the stipulation's content. The appellate court's judgment should be reversed for two reasons. First, counsel's stipulation and confrontation waiver were valid under this court's precedent and specifically its holdings in People v. Campbell and People v. Phillips. Second, defendant cannot show that he was prejudiced by the stipulation because the record includes overwhelming evidence of his guilt and indicates that he would not have proceeded by contested trial even had he read the stipulation's content. Defendant's ineffective assistance claim is governed by the familiar Strickland standard. Counsel, was there anything in the evidence stipulation that was needed as supporting evidence for a motion to suppress or something of that nature? I'm sorry, was there anything in the stipulation necessary for a suppression motion? Right. Frequently there will be a stipulation to an uncontested piece of evidence, but something that's required in the motion to suppress. My question is, in this case, was there a motion to suppress in which the stipulated evidence was used as a basis for the motion? No, there was a suppression motion. There was a pretrial hearing on the motion where evidence was taken, but nothing in the suppression motion itself was necessary to the suppression motion, although defense counsel did preserve the suppression issue in the stipulation and asked the trial court to reconsider its previous ruling on the suppression motion. Very well. Thank you. Turning to the first Strickland prong, the performance prong, the question here under that prong is, was counsel's performance deficient because he entered into this evidentiary stipulation without ensuring that defendant knew its content, thereby waiving defendant's confrontation right? This question is governed squarely by this Court's holdings in People v. Campbell and People v. Phillips and the two-part test fashioned in those cases. Under that test, we ask, was the evidentiary stipulation part of counsel's strategy and tactics, and did defendant object? The stipulation here easily meets this two-part test. First, the stipulation is part of counsel's strategy to preserve the Fourth Amendment issue, to focus all of the defense efforts on the Fourth Amendment issue, and to not to proceed to a contested trial that he thought was unnecessary. Now, not only was this counsel's strategy, and is it not only supported by the record and the overwhelming evidence of guilt, but defendant agreed to this strategy. Defense counsel repeatedly confirmed in letters to defendant that defendant wanted to avoid a contested trial and wanted to proceed by stipulated bench trial, and defense counsel testified as such at the post-trial motion hearing. Second, defendant did not object to this stipulation. Defendant was asked by the trial judge in open court on the record, something to the effect of Mr. Clendendenon, do you wish to be bound by the stipulation, is that correct? And defendant answers, yes, it is. So he did not object, and therefore the stipulation here meets the two-part Campbell-Phillips test. Now, despite the Campbell-Phillips test and Phillips' explanation that the test is unqualified, it's a limited inquiry, and that the trial court and trial counsel need do nothing more than what is required of them under the Campbell-Phillips test, the appellate court in this case added a third prong to the test, namely the appellate court held that we must now ask whether defendant read the content of the stipulation. Not only does this holding conflict this court's holdings in Campbell-Phillips, and specifically Phillips' statement that the Campbell-Phillips test is unqualified, but it also unnecessarily damages the utility of stipulations for trial counsel. Courts look favorably upon stipulations. They're a useful tool for counsel. They limit the issues, and they allow defense counsel, as this defense counsel in this case did, to focus only on those important issues and not to spend time on issues that the defense cannot win on. For these reasons, the stipulation here was valid, and defense counsel's performance was not deficient. Even if defense counsel's performance was deficient, defendant cannot show prejudice. Because the record includes overwhelming evidence of defendant's guilt, and it suggests and indicates that defendant would not have proceeded to a contested trial, even if he had read the content of the stipulation. Regarding the evidence of guilt, there's no dispute that images of child pornography were found in defendant's possession. People's Exhibits 1 and 2 clearly depict child pornography, and the trial court held as such after viewing them. It states in the stipulation that they were found in defendant's possession. At no point does defendant dispute this fact. There's also pretrial testimony at the suppression hearing that multiple witnesses viewed the disk found in defendant's possession and saw child pornography on the disk. Second, there's very strong evidence that defendant knew that he was in possession of child pornography. The most compelling evidence are defendant's own words. Officer Lamella conducted a two-part interview with defendant. The first part, he took notes during which he took notes, and then he taped the second part. During the first part of that interview, according to Officer Lamella, Officer Lamella asked defendant, of the images of pornography in your possession, how many of those images are child pornography? Defendant answers, not very many. Later, in the taped portion of the interview, a very similar exchange occurs. Officer Lamella says, of all the pornography in your possession, all the pornography on those disks in your possession, how many images are child pornography? Defendant answers, should be very few. Again, an acknowledgment that he knew that some of the pornography in his possession was child pornography. Defendant also tells Officer Lamella, during the taped portion of the interview, his procedure for downloading pornography. He downloads pornography onto a hard drive, doesn't look at it at that point, but then when he transfers it to a disk, he looks at it to see what he has. This pornography that was entered into evidence, and much of the pornography that was not entered into evidence, because of the stipulation, was on a disk, or on disks. Because of Defendant's statements to the police, we know that he looks at the pornography when it's on a disk. Therefore, it's more than reasonable to infer that he had looked at this pornography. In addition to this strong evidence of Defendant's guilt, Defendant was repeatedly advised by his counsel that if they proceed by stipulated bench trial, Defendant should expect to be found guilty. And then after he was found guilty, they would attack the Fourth Amendment issue in the appellate court, and they preserved that issue for appellate review. So we know that Defendant knew that he would be found guilty, knew that he should expect to be found guilty. In light of this evidence, it's inconceivable that simply reading the stipulation would have persuaded him to proceed to a contested bench trial, particularly in light of counsel's repeated confirmation that he did not want to proceed to a contested bench trial. What about, what is your best authority with regard to counsel's ineffectiveness regarding advising the Defendant as to the length of time he would be registered as a sex offender? Well, it does appear that Defendant's correct that the advice was wrong. But there's, again, this is, that also is an ineffective assistance of counsel claim. Defendant would have to show prejudice. There's nothing in the record to suggest that Defendant's decision to proceed by stipulated bench trial, or decision not to plead guilty, or any of his decisions at trial, were based on an evaluation of the sex offender registry period. All indications are that Defendant took his best chance at acquittal in light of all the considerations, including a decision that he did not want to have a full contested trial in front of a jury. He wanted to be acquitted, he thought he would be acquitted, and at no time did he suggest, anything in the record suggests that, well, if the registration period is only 10 years, or some limited amount of time, I would choose option A, but because, or if it's lifetime registration, I would choose option B. There's simply nothing to support any conclusion other than that Defendant wanted to be acquitted, and that he did everything he thought he could to be acquitted of this charge. On the time issue, was that raised in the Cross Appeal? Yes, in this court. Right. Yes. Now, there are many issues, well, many, there are issues in the Cross Appeal that were not addressed by the appellate court, is that right? That's correct. So, would it be your position that if we agree with you on the issue, the stipulation issue, that remand is necessary to the appellate court to address those other issues? Yes, to address the issues that were unaddressed in the appellate court, I believe remand would be necessary. On the primary issue, Counsel, should we, as a key matter, focus on the content of the stipulation and whether it virtually admitted or did admit Defendant's guilt? Well, I think that's a, I'll take that in two parts. First, the content of the stipulation is relevant in that part of the inquiry under Campbell and Phillips is whether the stipulation fit in with Counsel's trial strategy and tactics. If the content of the stipulation completely contradicts what Counsel is trying to do in the case or what Counsel purports to be doing as part of his defense, then I think the stipulation would fail under that prong. In this case, the stipulation does not admit guilt. It includes evidence sufficient to support the trial court's verdict of guilt, but it specifically includes a statement that says Defendant does not stipulate that the evidence is sufficient to support a guilty verdict. And there's no admission, there's no other statement otherwise suggesting that Defendant is admitting guilt. In fact, the Defendant argued to the trial court that the stipulation is insufficient to prove him guilty. He argued it in the appellate court, and he argues that issue before this court. If the court has no further questions on that issue, again, there are issues that were raised in the apolice brief that were either rejected or not litigated in the appellate court. We responded to those issues in our reply brief, and I will stand on the brief unless the court has further questions about that issue, about any of those issues. For these reasons, we ask this court to reverse the judgment in the appellate court. Thank you. Counsel, you may proceed. Good morning. May it please the court. Good morning, Counsel. My name is Stephen Brundage. I represent Charles Condennen, who is the appellee in this matter. And what you have before you this morning is basically three issues. One is the issue of the search and seizure of a disk tendered to the government by a private citizen, and whether or not the seizure and the ultimate search of that disk agreed with and comported with the Fourth Amendment. The other issue you have before you this morning is the Sixth Amendment violation regarding ineffective assistance of counsel. Under the ineffective assistance of counsel argument, we have really three issues that are supporting that argument. One is the discovery violations and the errors which were committed, I would submit to you, by Mr. Condennen's counsel at the trial level. The record is clear. There was a request for a critical piece of evidence in this case 18 months before it was eventually tendered to Mr. Condennen's counsel, 18 months. What's noteworthy there is that the item, an audio tape, was tendered one day before the fatal stipulation was entered with the court, which ultimately convicted Mr. Condennen. I would submit to you. The same question. Was that discovery issue litigated in the appellate court? The appellate court found ineffective assistance of counsel and I think addressed the discovery issue as part of its findings, but more importantly concentrated on the stipulation itself. The same question. Is that something that this court would remand to have fully litigated in the appellate court? If this court finds it appropriate to do so, yes. Their primary and maybe sole finding was on the stipulation. The appellate court did concentrate on the stipulation. And the stipulation also contained numerous factual errors. The state argued that at one point this morning, the state said that when the stipulation was entered in response to a question as to whether or not erroneous sex offender registration information was tendered, when the stipulation was entered, the state said that Mr. Condennen thought he would be acquitted when the stipulation was entered. The facts absolutely do not support that. The first time this defendant charged with this felony saw the two pages, the two-page stipulation that ultimately convicted him and then required him as a collateral consequence to register for life as a sex offender, the first time he saw it was when he went to the Kane County Circuit Clerk and purchased a copy of it. Now, this is an issue which has been raised by the appellate court, and looking at this in the context of Campbell and Phillips brings up the discussion then of whether or not as the Campbell and Phillips courts hold, whether or not a client needs to see what stipulation he is agreeing or disagreeing to. Counsel, were there two stipulations, two documents? There were two stipulations. Did he see the first one? I don't know. I don't think he saw the first one, no. What was the difference between the two? The first stipulation was tendered to Judge Golden at the trial level, and she found it to be defective regarding some irrelevant matters regarding evidentiary issues. The appellate court noted its relevance was not critical, until that more importantly the second stipulation, the document that was tendered to the court, was the issue. When that document was in fact tendered to the court, even Judge Golden noted to Mr. Clendenin's counsel, counsel, your client has not signed this, or has not, I think she said your client has not signed this. And his counsel acknowledged, yes, he hasn't signed it. She then turns to Mr. Clendenin and says, do you wish to be bound by the stipulation? And he says, yes, it is. Yes, it is, is not an answer of, yes, I wish to be bound by the stipulation. And that causes the problem with the Campbell and Phillips cases, because a defendant would be in the impossible task of objecting or not objecting to something he has never seen. So your interpretation is, yes, it is, that's the stipulation. But you're saying that he didn't say, yes, it is, I want to be bound. Yes. And that's supported by several different factual scenarios in this case. Mr. Grundage, the appellate court says the actual exchange was, and so, Mr. Clendenin, you wish to be bound by the stipulation. Is that correct? Yes, it is, was the response. I would submit to you that because the other facts in this case, especially my client's reaction when he first saw the stipulation, that he was furious, that he was hesitant about entering into the stipulation as per the testimony of his own trial counsel, supports that answer to be, yes, it is, that's the stipulation. Otherwise, Your Honor, he would be placed in the impossible position of agreeing to be bound by this piece of paper the contents of which he has no idea what's in it. He never asked for a continuance, did he? Well, I don't think my client, Mr. Clendenin never asked for a continuance. I think that would have been more appropriate for perhaps his trial counsel to perhaps ask for a continuance. Either one, no such request was made. It could have been. Yes, Your Honor. Weren't there some conferences between the defendant and his counsel prior to the stipulation? Yes, Your Honor, but the record is clear that in the two and a half years of representation between Mr. Clendenin and his counsel, he met with his counsel one time in his office for about 15 minutes. And he met with him one time in his office, I don't know if it was 15 minutes or so, but I believe it was, and then he would meet with him on those days when they had court, either before the case was called or after the case was called. And there were some letters that were exchanged. But even Mr. Wechter's testimony at the post-trial proceedings indicated he was hesitant at one point. Mr. Clendenin's father was involved in this. He was a former prosecutor, somewhat familiar with the law, and he was also speaking with Mr. Wechter regarding the process involving his son. The reaction by the defendant and his father after looking at the stipulation supports the conclusion that they had no idea, that the defendant, really, who was the issue here, had no idea what was in it. The question that Justice Conroy just put to you, does it accurately reflect what's in the appellate court record? The questioning and the answering? Yes. Yes, Your Honor, it does. Was it paraphrasing? No, it was quoted from the transcript. And that is accurate? Yes. To agree with your position, do we have to agree with the position of the appellate court where they said that the issue of whether a defendant must be apprised of the contents of the stipulation is implicit in Phillips? And I guess my question to you is, is that implicit in Phillips, or is what the appellate court says implicit in Phillips rather foreclosed by Phillips? Because in Phillips, we clearly said that a defense counsel waiver of a defendant's right in a stipulation is valid as long as the stipulation is part of trial tactics and the defendant does not object. If we stop there, maybe I could go along with the implicit analysis. But the Phillips court then stated, quote, that it had attached no other restrictions to defense counsel's authority to stipulate to the admission of evidence and except where the stipulation is tantamount to a guilty plea, impose no obligation on the trial court or counsel to admonish the defendant and ensure that the advisement is made a part of the record. And then Phillips also expressly rejected the proposition that a defendant must always be allowed or advised of the implication and consequences of the stipulation. So it seems to me that the argument has to be why isn't your argument foreclosed rather than why is it implicit in Phillips? When I look at the plain reading of Phillips. Well, Phillips does talk about admonishing a defendant regarding a stipulation, and it does not require admonishment to the defendant regarding the implications and consequences of a stipulation, as Your Honor quoted. I would submit to you that it's different than informing the defendant what's in the stipulation. It would produce an illogical conclusion, an impossible conclusion, because Campbell requires that an attorney can waive a client's Sixth Amendment right to confrontation as long as the client does not object and it was legitimate trial tactics. I would submit to you there were not legitimate trial tactics did not occur here, mainly because of the discovery violations, the numerous errors contained in this. Let me ask the same question I asked your opposing counsel. Was there any evidence here that was used for another purpose? Was it used in this instance, for example, to support a Fourth Amendment motion? The stipulation contained language that the defendant was still objecting to the trial court's denial of the motion to suppress, if that's your question. Yes, it is. It did contain language in there that we still object to the trial court's denial of the motion to suppress. But the magical language that was appropriately and correctly highlighted by the State in any stipulation in the State of Illinois, the magical language at the end of the stipulation where it says we do not agree that this stipulation is sufficient to convict the defendant or something like that, that is not enough to erase an otherwise completely inaccurate, factually incorrect stipulation. It's not enough just to wipe the slate clean from a stipulation that otherwise basically forecloses a defendant's guilt. And Justice Thomas, your question regarding the Phillips distinction regarding whether the issue is foreclosed or not, I would submit to you that what we have here also is almost a de facto plea that trial counsel's representation of Mr. Clendenin in submitting that stipulation to the court basically was similar to a plea of guilty. And on a plea of guilty, the defendant must be admonished and personally waive a Sixth Amendment right. The stipulation basically did that to Mr. Clendenin. It was as if he was pleading guilty. And what made matters worse in this case is that it was factually incorrect. I believe the Phillips and Campbell cases offer guidance on this issue. But I would submit to you that taking Phillips, looking at Phillips in conjunction with Campbell, we must then create a rule or suggest a rule where the defendant knows what's in the stipulation. And how that's done is within the suggestions of the court. Does he need to sign it? Does it need to be read on the open record? Should there be a continuance of some sort so that he does know what's in it? Otherwise, his ability to object or not object, as my brief indicates, plops the defendant on a legal trapdoor. He either objects to the document he's never seen or doesn't object when it's being tended to the court because he's never seen it. What is missing from the five letters that would have given the defendant knowledge? Was there anything different or missing from those letters that was included in the stipulation? Missing from the letters of Mr. Wechter? Yes, well, the factual errors that are contained in the stipulation, the letters don't talk, the letters to Mr. Clendenin from his counsel don't talk about what he was putting in the stipulation. It just says, I'm going to enter a stipulation in this case. What he then put in the stipulation were issues which were factually incorrect and which were suspect. He put words in there like Mr. Clendenin allegedly told the police officer when asked if he had child pornography, not very many. That is absolutely in dispute. Mr. Clendenin testified that he never said it. We then have Detective Lamella's testimony, for which he was never cross-examined on because Mr. Clendenin didn't have the opportunity to do so, indicating that there were some taped statements from the defendant and the quote not very many statement was not taped. Mr. Clendenin didn't know what was going into that stipulation. And there was an argument made and is being made that he was aware that the stipulation was being entered and he wanted it entered and he didn't want to go to trial. But even Mr. Wechter testified there was some hesitancy when that process was being reviewed. And the amount of times or lack thereof that trial counsel met with Mr. Clendenin could not possibly support a fully informed decision and knowledge what's in the stipulation so that Mr. Clendenin can step in and do what Campbell required or didn't require of him or Mr. Wechter steps in, and that is did the client object and was it the result of legitimate trial tactics? And because an attorney can only waive a Sixth Amendment right to confrontation if the client does not object and there were legitimate trial tactics, when he waived Mr. Clendenin's right, it was ineffective assistance of counsel. We also have the issue of a sex offender misinformation. I will submit to you that's directly relevant. And after my brief was filed before the argument this morning, our United States Supreme Court has decided that case and offers guidance on it in the case of Padilla v. Kentucky where the United States Supreme Court now found and held that counsel is required to inform a defendant of collateral consequences in a criminal case. Generally the law in Illinois before that was that counsel is not required to inform the defendant of collateral consequences but if they do, it has to be correct. Now we have an affirmative requirement that you must not only inform the defendant of collateral consequences, but it has to be correct. I would submit to you that in the Padilla case, it was a deportation issue. Does this individual got arrested for a drug charge, pleaded guilty or entered into some legal procedure and was told by his lawyer it won't result in deportation or probably not or something to that effect? I would submit to you that deportation is as damaging as the difference between a 10-year sex offender registration and that for life. That's a huge difference, especially when you're dealing with a defendant who's about 30 years old. Mr. Brundage, you indicated that the stipulation was incorrect and you used as an example that you would contest that he was telling the truth. Is that true? The stipulation, and just to clarify this, the stipulation says that if called as a witness, Lamella would testify that that's what he said. Is that incorrect? Or as I understand, you're contesting whether the defendant ever said that, but would Lamella testify to that? But that testimony went uncrossed. That testimony would have been submitted without the benefit of what I would suggest is a penultimate right of cross-examination in the Sixth Amendment. The Sixth Amendment not only controls this case in the ineffective assistance of counsel perspective, but also this issue of the right of confrontation, especially when a stipulation contains so many factual errors and basically rises to the level of a plea. So we're suggesting that the Sixth Amendment violation of ineffective assistance of counsel is supported not only by the numerous discovery violations, which would have offered light and guidance on the correct, at least... Counsel, you're not arguing that the defendant should have been admonished as to a plea of guilty, are you? I'm not arguing that he should have been admonished as to a plea of guilty, except to say that Phillips talks about the admonishments that are required on a de facto plea of guilty. And I am arguing that this case illustrates the possible need for greater clarification or a new rule or a new law that says that defendants must be advised as to what's contained in a stipulation which ultimately, in this case, convicts them. Especially this case illustrates that issue, because otherwise the defendants are placed in the impossible task of objecting or not objecting to something they have never seen. If there's no other questions on the ineffective assistance of counsel, I would just ask you to consider the appellee's position on this motion to suppress the computer. And this involved a private citizen giving the law enforcement a disk that she stole from the defendant. The State relies heavily on the Phillips case. And I would just submit to you that in the Phillips case there's a distinction, and I would ask you to look closely at the... Was the witness living with the defendant at this time? She was not living with him. They lived in separate residences, but she had a key to his apartment, and she was there just to water the plants. She had access to the apartment. She did. She did. A private citizen took my client's disk. An analogy here would be as if she pulled up with a U-Haul and took his filing cabinet, because that's really what we're talking about here. In this case, it's a computer disk, and it has a lot of zeros and ones in it that make up pictures and images and documents. But it's the same type of filing cabinet as if she had gotten a big filing cabinet. She walks into the police department with this filing cabinet, goes to a police officer, a government agent, and says, I believe there's some child pornography on this or in this. There's no markings on the outside of the disk. There's no markings on the outside of the filing cabinet, and the government, without a warrant, takes the disk and starts searching it. Opens the drawers to the filing cabinet and starts searching for the child pornography. That's different than Phillips, and it's different in that in Phillips and in Jacobson, the United States Supreme Court case, in those cases the government never seized the items. Those items in Jacobson and the items in Phillips, the pornography or the computer was still in possession of a third party. Here, the private party tendered this disk, this filing cabinet, to the government, and the government seized it. I would submit to you we had no basis to do so. I look at the factors in Campbell, and they just seem too controlled here. And if that is the decision that Campbell controls, it really doesn't matter whether the defendant ever saw the stipulation, does it? If Campbell controls alone without Phillips offering some guidance on it, I would submit that it does matter if he saw it, because we wouldn't know if the client objected or not, knowingly. But his attorney has the right to enter into that stipulation. Campbell sets forth the kind of decisions that ultimately only four belong to the defendant. Correct. His attorney has the right to make this decision. As long as the client did not object. And he did not. I would respectfully disagree. I would say that he either objected, or he was in the impossible position of either not objecting and standing quietly, standing silently by when the mysterious paper was issued, or being into forced acquiescence, objecting to something he had never seen. So for all the reasons listed in my brief regarding the search and seizure issues, the ineffective assistance of counsel with all its subparts, I would ask you to grant the relief that's requested in my brief. Thank you. I'll just briefly address some of the issues addressed in Happily's argument. First of all, defendant makes no prejudice argument on either of the ineffective assistance claims or on his discovery claim. And this morning at argument, we heard no argument about prejudice from defendant. Again, I would stand on our prejudice argument in our brief, and what was discussed in my argument earlier this morning. There's simply no prejudice in regard to the ineffective assistance claim, regarding the stipulation, regarding the discovery claim. There's simply no prejudice in regard to the registration period, and regarding any alleged discovery violations. Defendant needs to show prejudice for all of those claims, and he has not done so. Just briefly, to address a question that came up in my earlier argument, the issues that were unaddressed in the appellate court, or that were rejected in the appellate court, were not raised in a cross-appeal. It was not a cross-appeal, they were just raised in Happily's brief, so I believe I misspoke there, and I apologize. Turning to the content of the stipulation, defense counsel, or I apologize, Happily's counsel, stated that the stipulation contained numerous factual errors. The only allegation of factual error I heard was that it stated that defendant answered not very many. When asked how many of his images of pornography included child pornography, but as was pointed out, stipulation actually says that Officer Lamella would testify that defendant said not very many when asked that question. And that testimony is supported by the police report, where Officer Lamella wrote that that exact exchange occurred. That police report is part of the record. It is in the exhibit envelope. That's clearly marked as the police report. I apologize. Defense counsel argued that the meetings between defendant and defense counsel were very limited. I would argue a couple points in regard to that argument. First, it's unclear how that supports the ineffective assistance of counsel claim here. The appellate court's reversal was based on defendant not seeing the content of the stipulation. There's repeated confirmation in the record that defendant was informed about the stipulation procedure, that he knew that it was likely he would be found guilty or that he should expect to be found guilty, and that he knew what a stipulated bench trial procedure was. And there's also substantial evidence in the record that defense counsel did, in fact, meet with defendant quite a bit. Defense counsel testified at the post-trial motion hearing that he called defendant dozens of times. They met after every hearing.  There's every reason to believe from this record that defendant was fully informed about what was going on. Defendant argues that the most compelling evidence of the reason the stipulation here should be considered an invalid compensation waiver is that defendant was very surprised when he read it. But again, there's undisputed record evidence that defendant was advised that he should expect to be found guilty. It's unclear what surprised the defendant or, more importantly, how that surprise is relevant to the inquiry here. Again, the inquiry is, was the stipulation part of counsel's trial tactics and strategy? Did defendant object? The answers to those questions indicate that counsel's stipulation was valid here. And again, defendant has not argued prejudice. Defendant may have shown surprise at reading the stipulation, but there's nothing in the record ever suggesting that defendant would have testified at trial. And there's nothing in the record suggesting that defense counsel had anything with which he could test the prosecution's evidence here. And this is an important point both for prejudice for all of defendant's claims, but also for whether or not the stipulation was part of counsel's trial tactics and strategy. Defendant's counsel simply had no way to test the incriminating evidence, including defendant's own statements, particularly where defendant was not going to testify. It's unclear what defense counsel could have done in this case. Faced with no options, he made not only a reasonable choice, but a wise choice. He decided to focus his efforts on the Fourth Amendment issue. And he did that. It's also notable that the stipulation omitted a substantial amount of incriminating, damaging evidence. The police, according to the police report, which again is in the record, found multiple disks containing child pornography that included multiple images of child pornography. Those were not included in the stipulation, but those would have been part of a contested trial. So counsel eliminated those stipulations, those pieces of evidence from the stipulation, kept them out of open court, kept them away from the trial judge, who ultimately issued the sentence in this case. So I think it's relevant that the stipulation did omit some evidence. Counsel, let me ask you a question. Really on a point that was at the end of your opposing counsel's discussion when Justice Freeman asked about if Campbell really preserves this within the realm of the decision the attorney can make. Unless there's an objection, that's what Campbell and Phillips says. My question on that point is this. What is the standard to determine that a defendant has had an opportunity to object? What is the standard in general and how does that apply in this case? Is it presumed that they knew? Does it have to be on the record that they fully know? Do they waive and say I don't object or I agree? What is the standard? Well, the standard is clear. Campbell and Phillips give us the standard. The standard is did defendant object. It's a very limited inquiry. It's unqualified. Phillips says counsel needs to do nothing more. We just asked did defendant object. It's a yes or no question. The answer here is no. But I think it's important also to remember that these stipulations can still be tested through a regular ineffective assistance of counsel claim, the type of claim that's made all the time. If counsel enters into a stipulation that includes factual errors or if counsel does not give, I think this goes more to your question, if counsel does not give defendant an opportunity to object or if there's some evidence that defense counsel and the prosecutor get together and they leave defendant out of the process, then you may have an ineffective assistance of counsel claim. But here defendant is asked in open court by the trial judge if he wished to be bound by the stipulation and he said yes, he did wish to be bound by the stipulation. So there he had every opportunity to object. This stipulation is entered in open court. This is just like the stipulation in Campbell, just like the stipulation in Phillips. In Phillips, I think it's notable that in this court's opinion in Phillips and in the appellate court opinions in Phillips, there were multiple opinions. It's never suggested that the defendant in Phillips read the content of the stipulation. The stipulation in that case was a lab report and an accompanying affidavit from a lab technician. So under the appellate court's rule, the stipulation in Phillips would be invalid. I think that's relevant to the inquiry here in whether or not Phillips and Campbell truly control and whether the appellate court in this case unnecessarily expanded Campbell and Phillips and really conflicted with Campbell and Phillips, which foreclosed the appellate court's rule in this case. Briefly just turning to the Fourth Amendment issue, the inquiry in Phillips, and this is another Phillips case issued by this court in 2005. It's People v. Rudy Phillips. In that case, it's very clear that when there's a private search of material, the police may search that material as long as it does not go outside the scope of the search. And in that case, a private person opened a disc, found child pornography, and conveyed to the police that there was child pornography on this disc. Once the private party conveyed that information to the police, the police can open up the disc and look at it. It's also notable that the search, contrary to the characterization by defense counsel this morning, the search was not some broad search. They're not just clicking through files looking at everything that might be on there. They're told there's child pornography on there. Officer Malkin, the first officer who looks at this disc, he testifies that he sees a single video file on the disc. He looks at one file. He describes it as an impact file. And so the record suggests that while the private party here made an examination of the disc, there's testimony that she examined the disc and viewed it, the police search here is very limited. If the court has no further questions, again, we ask this court to reverse the judgment of the appellate court. Thank you, counsel. Thank you.